UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:20-CV- 20753

CLAUDIA V. GATTO,

    Plaintiff,

vs.

TINTAMAR, LLC and
LUIS A. BURASCHI a/k/a
LUIGI BURASCH,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Claudia V. Gatto, sues Defendants, Tintamar, LLC and Luis A. Buraschi a/k/a Luigi Buraschi, as follows:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Claudia V. Gatto**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2. **Defendant, Tintamar, LLC,** is a *sui juris* Florida for-profit corporation that was authorized to conduct and actually conducted its for-profit gas station and convenience store business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

3. **Defendant, Luis A. Buraschi,** was at all times material an owner/officer/director/member of Tintamar, LLC for the time period relevant to this lawsuit. He is also known as Luigi Buraschi. He ran its day-to-day operations, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiff's wages and the

1

issuance of information returns.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants, maintained their principal places of business in this District, because Plaintiff worked and was due to be paid in Miami-Dade County, and because most if not all of the operational decisions were made in this District.

5. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331, 26 U.S.C. §201, *et seq.*, and 26 U.S.C. §7434.

6. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

7. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## **COUNT I - FLSA OVERTIME WAGE VIOLATION(S)**

Plaintiff, Claudia V. Gatto, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

8. Defendants were Plaintiff's direct employers, joint employers and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

9. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

10. Defendants have been at all times material engaged in interstate commerce in the course of their gasoline sales and operation of a convenience store which, traditionally, cannot be

2

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

performed without using computers, petroleum products, uniforms, goods, materials, supplies, and equipment that have all moved through interstate commerce.

11. Defendants engage in the sale of gasoline, petroleum products, produce, automotive products, foodstuffs, beverages, beer, cellular phone accessories, and other goods, materials, and supplies that moved through interstate commerce prior to Defendants selling same for retail.

12. Defendants also engage in interstate commerce in the course of their submission of billings and receipt of payment involving out-of-state payors.

13. Furthermore, Defendants obtain, solicit, exchange and send funds to and from outside of the State of Florida, regularly and recurrently use telephonic transmissions going outside of the State of Florida to conduct business, and transmit electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in the course of their business.

14. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

15. In particular, Defendants own and operate a gasoline station which not only sells gasoline and automotive products, but which also has a small convenience store.

16. Plaintiff was an hourly employee of Defendants, as the term "employee" is defined by 29 U.S.C. §203(e).

17. Plaintiff was a non-exempt employee of Defendants.

18. Plaintiff consents to participate in this lawsuit.

19. Plaintiff worked for Defendants from September 23, 2013 to January 19, 2020. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

records are in the exclusive custody of Defendants.

20. Defendants paid Plaintiff on a bi-weekly basis.

21. Defendants did not require and so did not record the times that Plaintiff started and stopped working each week; instead, they would pay Plaintiff based on the hours that she was scheduled to work.

22. Plaintiff would regularly and routinely work more than 40 hours in a workweek for Defendants.

23. Defendants paid Plaintiff by check at her regular hourly rate of pay for up to 40 80 hours in a pay period and would then pay any additional hours worked beyond 80 in a pay period at her regular rate of pay in cash.

24. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half times her regular hourly rate(s) of pay for all of the hours that he worked over 40 hours in a given workweek.

25. Mr. Buraschi was previously sued for violating the FLSA by failing to pay overtime, and so was on notice of the FLSA's requirement to timely pay overtime wages to his employees.

26. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times his regular rate of pay for each of the overtime hours she worked during the relevant time period by paying Plaintiff in cash for all hours worked over 80 in a pay period at their gas station at her regular rate of pay.

27. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours she worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

Defendants were not required to pay an overtime rate, and/or Defendants concocted a scheme pursuant to which the deprived Plaintiff the overtime pay earned.

28. Plaintiff is entitled to a back pay award of overtime wages for all overtime hours he worked, plus an equal amount as a penalty, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Claudia V. Gatto, demands the entry of a judgment in her favor and against Defendants, Tintamar, LLC and Luis A. Buraschi a/k/a Luigi Buraschi, jointly and severally after trial by jury, and as follows:

- a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);
- b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;
- c. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;
- d. That Plaintiff recover all interest allowed by law;
- e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;
- f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and
- g. Such other and further relief as the Court deems just and proper.

## COUNT II – VIOLATION(S) OF 26 U.S.C. §7434 (2019)

Plaintiff, Claudia V. Gatto, reincorporates and re-alleges paragraphs 1 through 7 as though set forth fully herein and further alleges as follows:

29. Plaintiff performed worked for Defendants during calendar year 2019.

30. Defendants, Tintamar, LLC and Luis A. Buraschi a/k/a Luigi Buraschi, each had an obligation to provide correct information returns to the IRS and to the Plaintiff.

31. Defendants, Tintamar, LLC and Luis A. Buraschi a/k/a Luigi Buraschi, paid Plaintiff and so are directly responsible for the issuance of checks to Plaintiff(s), the payment of taxes to the IRS based on the wages earned by and paid to Plaintiff, the accurate reporting of all income paid as to Plaintiff as wages, the issuance of correct W-2's to Plaintiff for calendar year during 2019, and the filing of correct information returns on own behalf of the corporate Defendant for calendar year 2019.

32. Defendants, Tintamar, LLC and Luis A. Buraschi a/k/a Luigi Buraschi, normally paid Plaintiff by check for most of the hours she worked in a bi-weekly pay period for in 2019.

33. During the time that Plaintiff worked for Defendants in 2019, Tintamar, LLC and Luis A. Buraschi a/k/a Luigi Buraschi, they also paid Plaintiff in cash.

34. Defendants, Tintamar, LLC and Luis A. Buraschi a/k/a Luigi Buraschi, did not include the amounts that they paid to Plaintiff in the cash in 2019 in any information returns relating to the wages earned by (or paid to) Plaintiff, such as the Form W-2 that Defendants issued to Plaintiff for calendar year 2019.

35. Defendants, Tintamar, LLC and Luis A. Buraschi a/k/a Luigi Buraschi, willfully and intentionally served/filed/provided Plaintiff with a fraudulent and/or false IRS Form W-2

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

for calendar year 2019 by underreporting the amount they paid to Plaintiff in each of that calendar year.

36. Plaintiff suffered damages as a result of Defendants' willful provision of false a fasle/fraudulent information return in 2019 caused by Defendants' intentional and willful acts as described above.

37. Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

**(a) In general**
If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

**(b) Damages** In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—

>   (1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),
>
>   (2) the costs of the action, and
>
>   (3) in the court's discretion, reasonable attorneys' fees.

WHEREFORE Plaintiff, Claudia V. Gatto, demands the entry of a judgment in her favor and against Defendants, Tintamar, LLC and Luis A. Buraschi a/k/a Luigi Buraschi, jointly and severally after trial by jury and as follows:

>   a. That Plaintiff recover the greater of $5,000 for each fraudulent information return filed/served by Defendants for 2019 as set forth above;
>
>   b. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to 26 U.S.C. §7434;
>
>   c. That Plaintiff recover all interest allowed by law; and

7300 N. KENDALL DRIVE, SUITE 450, MIAMI, FL 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

d. Such other and further relief as the Court deems just and proper.

## COUNT III – VIOLATION(S) OF 26 U.S.C. §7434 (2018)

Plaintiff, Claudia V. Gatto, reincorporates and re-alleges paragraphs 1 through 7 as though set forth fully herein and further alleges as follows:

38. Plaintiff performed worked for Defendants during calendar year 2018.

39. Defendants, Tintamar, LLC and Luis A. Buraschi a/k/a Luigi Buraschi, each had an obligation to provide correct information returns to the IRS and to the Plaintiff.

40. Defendants, Tintamar, LLC and Luis A. Buraschi a/k/a Luigi Buraschi, paid Plaintiff and so are directly responsible for the issuance of checks to Plaintiff(s), the payment of taxes to the IRS based on the wages earned by and paid to Plaintiff, the accurate reporting of all income paid as to Plaintiff as wages, the issuance of correct W-2's to Plaintiff for calendar year during 2018, and the filing of correct information returns on own behalf of the corporate Defendant for calendar year 2018.

41. Defendants, Tintamar, LLC and Luis A. Buraschi a/k/a Luigi Buraschi, normally paid Plaintiff by check for most of the hours she worked in a bi-weekly pay period for in 2018.

42. During the time that Plaintiff worked for Defendants in 2018, Tintamar, LLC and Luis A. Buraschi a/k/a Luigi Buraschi, they also paid Plaintiff in cash.

43. Defendants, Tintamar, LLC and Luis A. Buraschi a/k/a Luigi Buraschi, did not include the amounts that they paid to Plaintiff in the cash in 2018 in any information returns relating to the wages earned by (or paid to) Plaintiff, such as the Form W-2 that Defendants issued to Plaintiff for calendar year 2018.

44. Defendants, Tintamar, LLC and Luis A. Buraschi a/k/a Luigi Buraschi, willfully and intentionally served/filed/provided Plaintiff with a fraudulent and/or false IRS Form W-2

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
tel 305.230.4884   fax 305.230.4844
www.fairlawattorney.com

for calendar year 2018 by underreporting the amount they paid to Plaintiff in each of that calendar year.

45. Plaintiff suffered damages as a result of Defendants' willful provision of false a fasle/fraudulent information return in 2018 caused by Defendants' intentional and willful acts as described above.

46. Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

**(a) In general**
If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

**(b) Damages** In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—

> (1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),
>
> (2) the costs of the action, and
>
> (3) in the court's discretion, reasonable attorneys' fees.

WHEREFORE Plaintiff, Claudia V. Gatto, demands the entry of a judgment in her favor and against Defendants, Tintamar, LLC and Luis A. Buraschi a/k/a Luigi Buraschi, jointly and severally after trial by jury and as follows:

    a. That Plaintiff recover the greater of $5,000 for each fraudulent information return filed/served by Defendants for 2018 as set forth above;

    b. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to 26 U.S.C. §7434;

    c. That Plaintiff recover all interest allowed by law; and

9

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

d. Such other and further relief as the Court deems just and proper.

## COUNT IV – VIOLATION(S) OF 26 U.S.C. §7434 FOR 2017

Plaintiff, Claudia V. Gatto, reincorporates and re-alleges paragraphs 1 through 7 as though set forth fully herein and further alleges as follows:

47. Plaintiff performed worked for Defendants during calendar year 2017.

48. Defendants, Tintamar, LLC and Luis A. Buraschi a/k/a Luigi Buraschi, each had an obligation to provide correct information returns to the IRS and to the Plaintiff.

49. Defendants, Tintamar, LLC and Luis A. Buraschi a/k/a Luigi Buraschi, paid Plaintiff and so are directly responsible for the issuance of checks to Plaintiff(s), the payment of taxes to the IRS based on the wages earned by and paid to Plaintiff, the accurate reporting of all income paid as to Plaintiff as wages, the issuance of correct W-2's to Plaintiff for calendar year during 2017, and the filing of correct information returns on own behalf of the corporate Defendant for calendar year 2017.

50. Defendants, Tintamar, LLC and Luis A. Buraschi a/k/a Luigi Buraschi, normally paid Plaintiff by check for most of the hours she worked in a bi-weekly pay period for in 2017.

51. During the time that Plaintiff worked for Defendants in 2017, Tintamar, LLC and Luis A. Buraschi a/k/a Luigi Buraschi, they also paid Plaintiff in cash.

52. Defendants, Tintamar, LLC and Luis A. Buraschi a/k/a Luigi Buraschi, did not, however, include the amounts that they paid to Plaintiff in the cash in any information returns relating to the wages earned by (or paid to) Plaintiff, such as the Form W-2 that Defendants issued to Plaintiff for calendar year 2017.

53. Defendants, Tintamar, LLC and Luis A. Buraschi a/k/a Luigi Buraschi, willfully and intentionally served/filed/provided Plaintiff with a fraudulent and/or false IRS Form W-2

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
tel 305.230.4884   fax 305.230.4844
*www.fairlawattorney.com*

for calendar year 2017 by underreporting the amount they paid to Plaintiff in calendar year 2017.

54. Plaintiff suffered damages as a result of Defendants' willful provision of false information returns in 2017 caused by Defendants' intentional and willful acts as described above.

55. Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

**(a) In general**
If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

**(b) Damages** In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—

> (1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),
>
> (2) the costs of the action, and
>
> (3) in the court's discretion, reasonable attorneys' fees.

WHEREFORE Plaintiff, Claudia V. Gatto, demands the entry of a judgment in her favor and against Defendants, Tintamar, LLC and Luis A. Buraschi a/k/a Luigi Buraschi, jointly and severally after trial by jury and as follows:

    a. That Plaintiff recover the greater of $5,000 for each fraudulent information return filed/served by Defendants in 2017 as set forth above;

    b. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to 26 U.S.C. §7434;

    c. That Plaintiff recover all interest allowed by law; and

7300 N. KENDALL DRIVE, SUITE 450, MIAMI, FL 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

   d.  Such other and further relief as the Court deems just and proper.

## **COUNT V – VIOLATION(S) OF 26 U.S.C. §7434 FOR 2016**

Plaintiff, Claudia V. Gatto, reincorporates and re-alleges paragraphs 1 through 7 as though set forth fully herein and further alleges as follows:

56. Plaintiff performed worked for Defendants during calendar year 2016.

57. Defendants, Tintamar, LLC and Luis A. Buraschi a/k/a Luigi Buraschi, each had an obligation to provide correct information returns to the IRS and to the Plaintiff.

58. Defendants, Tintamar, LLC and Luis A. Buraschi a/k/a Luigi Buraschi, paid Plaintiff and so are directly responsible for the issuance of checks to Plaintiff(s), the payment of taxes to the IRS based on the wages earned by and paid to Plaintiff, the accurate reporting of all income paid as to Plaintiff as wages, the issuance of correct W-2's to Plaintiff for calendar year during 2016, and the filing of correct information returns on own behalf of the corporate Defendant for calendar year 2016.

59. Defendants, Tintamar, LLC and Luis A. Buraschi a/k/a Luigi Buraschi, normally paid Plaintiff by check for most of the hours she worked in a bi-weekly pay period for in 2016.

60. During the time that Plaintiff worked for Defendants in 2016, Tintamar, LLC and Luis A. Buraschi a/k/a Luigi Buraschi, they also paid Plaintiff in cash

61. Defendants, Tintamar, LLC and Luis A. Buraschi a/k/a Luigi Buraschi, did not, however, include the amounts that they paid to Plaintiff in the cash in any information returns relating to the wages earned by (or paid to) Plaintiff, such as the Form W-2 that Defendants issued to Plaintiff for calendar year 2016.

62. Defendants, Tintamar, LLC and Luis A. Buraschi a/k/a Luigi Buraschi, willfully and intentionally served/filed/provided Plaintiff with a fraudulent and/or false IRS Form W-2

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
tel 305.230.4884 fax 305.230.4844
*www.fairlawattorney.com*

for calendar year 2016 by underreporting the amount they paid to Plaintiff in calendar year 2016.

63. Plaintiff suffered damages as a result of Defendants' willful provision of false information returns in 2016 caused by Defendants' intentional and willful acts as described above.

64. Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

**(a) In general**
If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

**(b) Damages** In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—

> (1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),
>
> (2) the costs of the action, and
>
> (3) in the court's discretion, reasonable attorneys' fees.

WHEREFORE Plaintiff, Claudia V. Gatto, demands the entry of a judgment in her favor and against Defendants, Tintamar, LLC and Luis A. Buraschi a/k/a Luigi Buraschi, jointly and severally after trial by jury and as follows:

    a.    That Plaintiff recover the greater of $5,000 for each fraudulent information return filed/served by Defendants in 2016 as set forth above;

    b.    That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to 26 U.S.C. §7434;

    c.    That Plaintiff recover all interest allowed by law; and

7300 N. KENDALL DRIVE, SUITE 450, MIAMI, FL 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

d. Such other and further relief as the Court deems just and proper.

## COUNT VI – VIOLATION(S) OF 26 U.S.C. §7434 FOR 2015

Plaintiff, Claudia V. Gatto, reincorporates and re-alleges paragraphs 1 through 7 as though set forth fully herein and further alleges as follows:

65. Plaintiff performed worked for Defendants during calendar year 2015.

66. Defendants, Tintamar, LLC and Luis A. Buraschi a/k/a Luigi Buraschi, each had an obligation to provide correct information returns to the IRS and to the Plaintiff.

67. Defendants, Tintamar, LLC and Luis A. Buraschi a/k/a Luigi Buraschi, paid Plaintiff and so are directly responsible for the issuance of checks to Plaintiff(s), the payment of taxes to the IRS based on the wages earned by and paid to Plaintiff, the accurate reporting of all income paid as to Plaintiff as wages, the issuance of correct W-2's to Plaintiff for calendar year during 2015, and the filing of correct information returns on own behalf of the corporate Defendant for calendar year 2015.

68. Defendants, Tintamar, LLC and Luis A. Buraschi a/k/a Luigi Buraschi, normally paid Plaintiff by check for most of the hours she worked in a bi-weekly pay period for in 2015.

69. During the time that Plaintiff worked for Defendants in 2015, Tintamar, LLC and Luis A. Buraschi a/k/a Luigi Buraschi, they also paid Plaintiff in cash.

70. Defendants, Tintamar, LLC and Luis A. Buraschi a/k/a Luigi Buraschi, did not, however, include the amounts that they paid to Plaintiff in the cash in any information returns relating to the wages earned by (or paid to) Plaintiff, such as the Form W-2 that Defendants issued to Plaintiff for calendar year 2015.

71. Defendants, Tintamar, LLC and Luis A. Buraschi a/k/a Luigi Buraschi, willfully and intentionally served/filed/provided Plaintiff with a fraudulent and/or false IRS Form W-2

7300 N. Kendall Drive, Suite 450, Miami, FL 33156
tel 305.230.4884   fax 305.230.4844
www.fairlawattorney.com

for calendar year 2015 by underreporting the amount they paid to Plaintiff in calendar year 2015.

72. Plaintiff suffered damages as a result of Defendants' willful provision of false information return for 2015 caused by Defendants' intentional and willful acts as described above.

73. Section 7434 of 26 U.S.C. provides, in pertinent part, as follows:

**(a) In general**
If any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return.

**(b) Damages** In any action brought under subsection (a), upon a finding of liability on the part of the defendant, the defendant shall be liable to the plaintiff in an amount equal to the greater of $5,000 or the sum of—

> (1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing),
>
> (2) the costs of the action, and
>
> (3) in the court's discretion, reasonable attorneys' fees.

WHEREFORE Plaintiff, Claudia V. Gatto, demands the entry of a judgment in her favor and against Defendants, Tintamar, LLC and Luis A. Buraschi a/k/a Luigi Buraschi, jointly and severally after trial by jury and as follows:

    a.    That Plaintiff recover the greater of $5,000 for each fraudulent information return filed/served by Defendants in 2015 as set forth above;

    b.    That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to 26 U.S.C. §7434;

    c.    That Plaintiff recover all interest allowed by law; and

7300 N. KENDALL DRIVE, SUITE 450, MIAMI, FL 33156
TEL 305.230.4884   FAX 305.230.4844
*www.fairlawattorney.com*

    d.     Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Claudia V. Gatto, demands a trial by jury of all issues so triable.

Dated this 21st day of February 2020.

                                        Respectfully Submitted,

                                      s/Brian H. Pollock, Esq.
                                      Brian H. Pollock, Esq. (174742)
                                      brian@fairlawattorney.com
                                      FAIRLAW FIRM
                                      7300 North Kendall Drive
                                      Suite 450
                                      Miami, FL 33156
                                      Tel:    305.230.4884
                                      *Counsel for Plaintiff*